IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

William L. Bowersock,                                    Case No. 3:07 CV 730

                                    Plaintiff,           MEMORANDUM OPINION
                                                         AND ORDER

                    -vs-
                                                         JUDGE JACK ZOUHARY
City of Lima, Ohio, et al.,

                                    Defendants.


        Plaintiff alleges violations of 42 U.S.C. § 1983 for equal protection and first amendment

retaliation against numerous defendants.  This matter is before the Court on Defendants Army's Auto

Wrecking ("Army's") and Bill Armentrout's Motion for Summary Judgment (Doc. No. 79).  Plaintiff

filed an Opposition (Doc. No. 90), and Defendants filed a Reply (Doc. No. 94).

                                    **BACKGROUND**

        Defendant Army's is a private 24-hour towing service corporation located in the State of Ohio

and owned by Defendant Bill Armentrout.  Army's is a contractor for the City of Lima ("the City"),

and is called out each time the City needs a vehicle towed.  Army's then takes the vehicles to its

impound lot.  The City notifies the vehicle owner of the location, the cost of the removal, and how

much time the owner has to retake possession of the vehicle.

        Plaintiff William Bowersock resides in Lima, Ohio.  Plaintiff has had several disputes with

the City over recent years.  On September 10, 2004, Army's was called by the Lima Police

Department to remove vehicles from Plaintiff's residence.  These vehicles had been declared a

nuisance in violation of City ordinances.  Army's, along with a City patrolman, arrived on Plaintiff's

property around 9:30 a.m. Army's then towed Plaintiff's vehicles to the impound lot. Plaintiff alleges he objected to the towing and that Defendant Bill Armentrout refused to allow him to retrieve his personal property, tools, records, and supplies from his vehicles before being towed.

### SUMMARY JUDGMENT

Pursuant to Federal Civil Rule 56(c), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Id.* When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Although *pro se* pleadings are to be liberally construed, the Court must dismiss a claim if there is insufficient evidence from which a jury could reasonably find for the non-moving party. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### SECTION 1983 VIOLATIONS

To prevail under Section 1983, a plaintiff must show: "(1) that the challenged conduct was attributable to a person acting under color of state law that (2) deprives the plaintiff of any rights, privileges, or immunities secured by the Constitution or the laws of the United States." *Bell v. Mgmt. & Training Corp.* 122 F. App'x 219, 222 (6th Cir. 2005). A person acting under "color of law," has the same meaning as "state action." *Lugar v. Edmondson Oil*, 457 U.S. 922, 929 (1982).

The Sixth Circuit applies three tests to determine state action: (1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test. *Durante v. Fairlane Town*

2

*Ctr.*, 201 F. App'x 338, 340 (6th Cir. 2006).  A private party must meet one of these tests to be considered an actor "under color of state law."

### The Public Function Test

The threshold is high for a private actor to meet the public function test and the Sixth Circuit interprets the public function test narrowly.  *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003).  The private entity must have performed a public function that is "traditionally exclusively reserved to the states."  *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 352 (1974); *see also Durante*, 201 F. App'x at 341.  This requirement has been met in a few limited situations, including "holding elections or eminent domain." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992); *see also Marsh v. Alabama*, 326 U.S. 501 (1946) (operating a company town is a public function); *Evans v. Newton*, 382 U.S. 296 (1966) (maintaining a municipal park is a public function).  Even an extensively regulated electric utility company was not a state actor, because it was not performing an activity that was traditionally exclusively reserved to the state.  *Jackson*, 419 U.S. at 352.  The Court examines historical factors to determine if a private entity was engaged in an activity traditionally exclusively reserved to the state.  Here, Plaintiff bears the burden of presenting this historical evidence that towing was traditionally exclusively reserved to the state.  *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

Even though some functions have traditionally been performed by the government, "very few have been exclusively reserved to the State."  *Flagg Bros. v. Brooks*, 436 U.S. 149, 158 (1978).  Towing vehicles is not an activity traditionally exclusively reserved to the state.  Towing vehicles is done by both private parties and the government.  Plaintiff presents no historical evidence to the contrary.  Further, Plaintiff fails to demonstrate that Army's had exclusive control to tow Plaintiff's

vehicles, which is necessary evidence to show state activity. *See Lansing v. Memphis*, 202 F.3d 821, 829 (6th Cir. 2000) (festival organizer not performing public function even though city granted permit to organizer because city retained ultimate control). *Contra Young v. City of Sandusky*, No. 3:03 CV 7490, 2005 WL 1491219, at \*4 (N.D. Ohio June 23, 2005) ("towing undertaken in the context of enforcing a criminal ordinance and/or abating a public nuisance at the direction of a government entity, . . . becomes an exercise of powers traditionally reserved exclusively to the state"). The City, not Army's, made the decision to tow Plaintiff's vehicles. No evidence was presented to show Army's exercised any discretion. Army's action was in performance of its contract with the City. *See Bell v. Mgmt. and Training Corp.*, 122 F. App'x 219, 222 (6th Cir. 2005) (the acts of "private contractors do not become the acts of the government by reason of their significant or even total engagement in performing public contracts"). Therefore, Plaintiff cannot rely on the public function test to label Army's or Bill Armentrout as state actors.

**The State Compulsion Test**

The state compulsion test requires that the "state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Wolotsky*, 960 F.2d at 1335. Mere approval or acquiescence by the state is not coercion or significant encouragement. *Id.* A business decision to voluntarily enter into a contract with a government entity is not required by state law, thus there cannot be coercion or significant encouragement. *Campbell v. PMI Food Equip. Group, Inc.*, 509 F.3d 776, 784 (6th Cir. 2007). Plaintiff provides no evidence of coercion and, indeed, does not dispute Defendant's contract to tow vehicles for the City was voluntary. Because no significant encouragement or coercion exists, Plaintiff's argument does not meet the state compulsion test.

4

**The Nexus Test**

Under the nexus test, state action exists "when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Wolotsky,* 960 F.2d at 1335.  This is a fact intensive inquiry where a "positive test" has yet to be formulated.  *Id.*  Nevertheless, principles illustrating no close nexus have been formulated.

State regulation, even extensive, is not sufficient to establish a close nexus.  *Id.*  The state must be "intimately involved in the challenged private conduct."  *Id.*  "Neither public funding nor private use of public property is enough to establish a close nexus between state and private actors." *Lansing v. Memphis*, 202 F.3d 821, 830 (6th Cir. 2000); *see also Rendell-Baker v. Kohn*, 457 U.S. 830 (1982).  An entity does not become a state actor by mere approval or acquiescence of the state.  *Blum v. Yaretsky*, 457 U.S. 991 (1982).

Here, the plain language of the nexus test requires a "regulated entity."  Although towing is generally regulated by the state as a commercial activity, there is nothing approaching the specific regulations that would make Army's a "regulated entity" under the nexus test.  The City is under contract to call Army's "to tow vehicles that are in violation of the law."  A patrolman for the City was present at the time the towing began.  Directing a towing company to tow a vehicle is not enough to establish a nexus between the state officer and the towing company.  The decision to tow was the City's alone. Army's and the City are separate distinct entities and there is no evidence the City and Army's shared in the alleged unconstitutional goal.

Finally, Plaintiff alleges additional state action, that "Defendant Bill Armentrout refused to allow the Plaintiff to recover his property."  However, there is no allegation that the City was involved

5

in preventing Plaintiff from recovering his property.  There is only the general allegation that Defendant worked in concert in "crushing and destroying Plaintiff's work motor vehicles" (Compl. ¶ 28).  However, no specific facts are alleged to support this joint action. Army's was performing its contract with the City; the actions of the two were not substantially interwoven.  Nor do they rise to the level of intimate involvement with each other.  *See Griesser v. Pirkel's Towing Co.*, No. 1:06 CV 2904, 2007 WL 582386, at *2 (N.D. Ohio Feb. 2, 2007) (no state action when city police department arranged for private company to tow vehicles).  Thus, Army's towing of Plaintiff's vehicles was not state action under the "nexus" test.

### CONCLUSION

Plaintiff fails to establish Army's or its owner, Bill Armentrout, acted "under color of state law."  Defendants are private parties, not state actors.  Therefore, for the foregoing reasons, Defendants Army's and Bill Armentrout's Motion for Summary Judgment is granted.

IT IS SO ORDERED.

_____ s/ *Jack Zouhary* _____
JACK ZOUHARY
U. S. DISTRICT JUDGE

April 16, 2008

6