IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| William L. Bowersock, | Case No. 3:07 CV 730 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| City of Lima, Ohio, et al., | |
| Defendants. | |

This matter is before the Court on Motions for Summary Judgment of Defendants Jeff Lyons (Doc. No. 51), John Zell (Doc. No. 52), and Annette Zell (Doc. No. 53) ("these Defendants"). Plaintiff filed an Opposition (Doc. No. 73) and these Defendants filed individual Replies (Doc. Nos. 81-83).

### BACKGROUND

Plaintiff, William Bowersock, resides in Lima, Ohio. Defendants, Jeff Lyons, John Zell, and Annette Zell, are his neighbors. Plaintiff alleges Defendants Lyons and John Zell trespassed on his property. Although he fails to specify a date or time of the alleged trespass, his Complaint indicates the alleged trespass occurred sometime in September 2006. Plaintiff also claims Annette Zell violated his constitutional rights, but it is unclear what she did to violate Plaintiff's rights. Plaintiff's allegations suggest Annette Zell allowed the City of Lima ("the City") to use her property for surveillance of Plaintiff and that this conduct is the basis for his claim. Plaintiff lumps these Defendants with other defendants in a general allegation that their "conduct showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights" (Compl. ¶ 85).

**SUMMARY JUDGMENT**

Pursuant to Federal Civil Rule 56(c), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Id*. When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Although *pro se* pleadings are to be liberally construed, the Court must dismiss a claim if there is insufficient evidence from which a jury could reasonably find for the non-moving party. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**SECTION 1983 VIOLATIONS**

Plaintiff alleges violations of his Fourteenth Amendment Equal Protection and First Amendment rights and seeks civil damages pursuant to 42 U.S.C. § 1983. A Section 1983 claim requires both the deprivation of a constitutional right and a causal link by a state actor. *See Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995). Irregardless of any discrimination or wrongful conduct, a plaintiff may not succeed on a Section 1983 claim against a private party. *See Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).

None of these Defendants were ever employed by, or acted as an agent of, the City. Plaintiff has merely alleged these Defendants were working in concert with the City in a "civil conspiracy." This allegation, without any supporting evidence, fails to rise to the level necessary to show these Defendants were agents of the City. Therefore, because it is undisputed that these Defendants are not state actors, summary judgement is appropriate.

**TRESPASS**

The Complaint contains two Section 1983 counts. However, to the extent Plaintiff is also alleging a trespass claim (Compl. ¶ 52), it too is dismissed. Plaintiff argues the Court has jurisdiction over Plaintiff's state law claim of trespass under 28 U.S.C. § 1367[1] which allows supplemental jurisdiction where the state law claim and the Section 1983 claim are part of the same case or controversy. However, a claim only "form[s] part of the same case or controversy when [it] derive[s] from a common nucleus of operative facts." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004). Here, the alleged trespass occurred in 2003 and is distinct from the operative facts of the Section 1983 claim against the City, alleging illegal seizure in September 2004. These two claims do not arise from the same incident. Because no federal claims remain against these Defendants, pursuant to Section 1367(c)(3) the Court dismisses Plaintiff's state law claims of trespass.

---

[1] 28 U.S.C. § 1367:

    (a) [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

\* \* \*

    (c) the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–

\* \* \*

        (3) the district court has dismissed all claims over which it has original jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendants Jeff Lyons, John Zell, and Annette Zell's Motions to for Summary Judgment are granted. Plaintiff's Section 1983 claims against these Defendants are dismissed, and the state law trespass claims are dismissed without prejudice.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

April 16, 2008