IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| William L. Bowersock, | Case No. 3:07 CV 730 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| City of Lima, Ohio, et al., | |
| Defendants. | |

This matter is before the Court on Defendants', the City of Lima (the City) and named employees of the City of Lima, Motion for Summary Judgment (Doc. No. 91). Plaintiff filed an Opposition (Doc. No. 92), and Defendants filed a Reply (Doc. No. 93). Plaintiff filed an additional Opposition (Doc. No. 96) and a Supplemental Opposition (Doc. No. 117), to which Defendants filed a Supplemental Reply (Doc. No. 118).

**BACKGROUND**

Plaintiff William Bowersock resides in Lima, Ohio, and has had several disputes with the City over recent years. He alleges that from 1988 until 2006, the City has repeatedly harassed and singled out Plaintiff for adverse treatment, including: the City ruining the drainage grade of his driveway when re-paving the street; towing undriveable vehicles from his property; denying zoning and property maintenance variances; and issuing property maintenance orders to repair the property. Defendants allege there was no desperate treatment in enforcing city ordinances.

**SUMMARY JUDGEMENT STANDARD**

Pursuant to Federal Civil Rule 56(c), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of

law." *Id*. When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

## ANALYSIS

### Statute of Limitations

Federal law does not provide for a uniform statute of limitation for Section 1983 actions. Instead, the statute of limitations is borrowed from the personal injury statute of limitation for the state where the injury occurred. Both parties agree the alleged injury occurred in Ohio. Ohio's personal injury statute of limitations is two years. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1158 (6th Cir. 1991); Ohio Rev. Code § 2305.10.

Plaintiff filed this lawsuit on March 13, 2007, so all claims relating to events that occurred prior to March 13, 2005 are time-barred. Of Plaintiff's claims, only the issuance of the December 2005 and January 2006 property maintenance orders occurred after March 13, 2005. All of Plaintiff's other claims are barred by the statute of limitations.

Defendants allege they provided Plaintiff due process surrounding the property maintenance orders of December 2005 and January 2006, and that Plaintiff's failure to appeal through the administrative procedure bars recovery. Through the affidavit of Chase Falke, Property Maintenance Code Inspector for the City, Defendants presented the administrative framework for issuing a property maintenance order. After a property maintenance order is issued, the person in violation has until the

specified completion deadline to complete any of the required repairs. If the party disagrees with the order, he or she may file a notice of appeal with the Board of Building Appeals within 10 (ten) days of receiving notice. If the appeal is denied, the party may then appeal the decision in the judicial system. On both the December 2005 and January 2006 property maintenance orders Plaintiff was given notice of his right to appeal (Doc. No. 91, Ex. 4). However, Plaintiff did not file an administrative appeal with the Board of Building Appeals. The system in place provides Plaintiff sufficient procedural due process and Plaintiff failed to avail himself of his legal remedies.

However, failure to exhaust administrative appeals is not a bar to recovery under Section 1983. *Patsy v. Florida Bd. of Regents*, 457 U.S. 496, (1982). Therefore, the Court must address the merits of Plaintiff's Equal Protection and First Amendment Retaliation counts. In the context of the two remaining property maintenance order claims, Plaintiff is actually alleging a claim of selective enforcement of the Property Maintenance Code and a general conspiracy of City employees to violate his constitutional rights. Each claim will be addressed individually.

**Selective Enforcement**

Selective enforcement in violation of Section 1983 and the Equal Protection Clause of the Fourteenth Amendment requires Plaintiff to satisfy a three part test. *United States v. Anderson*, 923 F.2d 450, 453 (6th Cir. 1991). First, a government official must single out a person belonging to an identifiable group for prosecution even though he has decided not to prosecute persons not belonging to that group in similar situations. Second, he must initiate the prosecution with a discriminatory purpose. Third, the prosecution must have a discriminatory effect on the group to which the defendant belongs. *Id.*

Plaintiff fails all three parts of the test. He is a Caucasian male, and he has not identified any constitutionally protected group of which he may be a part. Plaintiff has also presented no evidence, only mere allegations, that Defendant issued the property maintenance orders with any discriminatory purpose. Because Plaintiff has failed to identify a constitutionally protected group, he also fails the third prong because he can show no discriminatory effect on the group to which he belongs. Plaintiff cannot meet the requirements to succeed on a claim of selective enforcement.

**General Conspiracy**

To succeed on a Section 1983 conspiracy claim, Plaintiff must present evidence of the existence of a conspiracy and the deprivation of a right secured under the Constitution. *See Abdullah v. Harrington*, No. 94-5358, 1994 WL 532932, at *2 (6th Cir. Sept. 30, 1994). Plaintiff has only provided vague and conclusory allegations that employees of the City were working together to harm him. This lack of specificity fails to provide sufficient evidence to create a genuine dispute of material fact as to the existence of a conspiracy. Plaintiff also failed to identify any Constitutional right which the employees deprived him. As such, Plaintiff's general conspiracy claim must fail as well.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment is granted, and Plaintiff's Claims against the City of Lima, William Brown, Chase Falke, Amy Harpster, Pam Haywood, Tammie Hursh, Jeff Jacomet, Amy Odum, and Tim Rader are dismissed.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 12, 2008