IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| William L. Bowersock, | Case No. 3:07 CV 730 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| City of Lima, Ohio, et al., | |
| Defendants. | |

### INTRODUCTION

Plaintiff William Bowersock resides in Lima, Ohio. Defendant, Valero Energy Corporation (Valero), is the parent company of numerous subsidiaries that own and operate refineries that produce gasoline and other petroleum products. In September 1, 2005, Premcor Incorporated merged with, and into, Valero. As part of this merger, Valero acquired the Premcor Refining Group Inc., which was the owner of a refinery in Lima, Ohio. Plaintiff alleges in his Amended Complaint (Doc. No. 56) that Valero's refining operations caused paint from his house and cars to peel and caused his aorta dissection in September 2003.

This matter is before the Court on Valero's Motion for Summary Judgment (Doc. No. 120); Plaintiff's Opposition (Doc. No. 121); and Valero's Reply (Doc. No. 124).

### SUMMARY JUDGEMENT STANDARD

Pursuant to Federal Civil Rule 56(c), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Id*. When considering a motion for summary judgment, the Court must draw all inferences

from the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

**ANALYSIS**

Plaintiff alleges discrimination in violation of 28 U.S.C. § 1983. He alleges Valero caused his aorta dissection and caused paint on his house and car to peel from flaring operations at the oil refinery in Lima (Doc. No. 56, ¶ 100). These events are alleged to have occurred before September 2003, when Plaintiff was hospitalized for his aorta dissection.

Federal law does not provide for a uniform statute of limitation for Section 1983 actions. Instead, the statute of limitations is borrowed from the personal injury statute of limitation of the state where the injury occurred. Both parties agree the alleged injury occurred in Ohio. Ohio's personal injury statute of limitations is two years. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1158 (6th Cir. 1991); Ohio Rev. Code § 2305.10.[1]

Plaintiff did not file this action until September 2007, two years **after** the statute of limitations had already run. Therefore, Plaintiff's Section 1983 claims are time barred.

Although the Court does not believe Plaintiff asserts any state law claims, to the extent the Amended Complaint does allege any state law claims for negligence, nuisance, physical injury, or

---

[1] (A) Except as provided in division (C) or (E) of this section, an action based on a product liability claim and an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues.

2

property damage caused by Valero, such actions are also precluded under the two-year statute of limitations of Ohio Revised Code § 2305.10.

## CONCLUSION

For these reasons, Defendant Valero's Motion for Summary Judgment is granted. Defendant Valero is the last remaining Defendant in this case, other Defendants having been previously dismissed (Doc. Nos. 113, 115 and 122). Therefore, this case is now closed.

IT IS SO ORDERED.

                                          s/ *Jack Zouhary*
                                        JACK ZOUHARY
                                        U. S. DISTRICT JUDGE

                                        June 20, 2008